BERRY *v.* STATE TAX COMMISSION

Robert N. Gygi, Portland, argued the cause for plaintiffs. With him on the briefs were Keane, Haessler, Bauman & Harper.

John C. Mull, Assistant Attorney General, argued the cause and submitted a brief for defendant.

Decision for defendant rendered March 10, 1964.

PETER M. GUNNAR, Judge.

This is a suit to set aside State Tax Commission Opinion and Order No. I-62-27, which denied plaintiffs' nonbusiness deductions for medical expenses, payment of interest on loans in California, union dues, bank fees, car insurance and telephone expense.

Throughout 1959, plaintiffs were, and they still are, residents of California. On their 1959 Oregon income tax return plaintiffs declared Oregon source gross income of $7,241.48, derived from a trust of real property in Oregon. Their only non-Oregon source income amounts to $52.42 in interest on a savings account in California. On their return plain-

tiffs claimed nonbusiness deductions for medical expenses, interest paid on loans in California, union dues, bank fees, car insurance and telephone expense in an aggregate amount of $4,041.60. Defendant disallowed the deductions to plaintiffs as nonresidents because these expenses were not "connected with" Oregon source income as required by ORS 316.360.

The first of the three issues of this case is whether ORS 316.360 denies to nonresidents the deductions of all expenses not incurred to produce the nonresidents' Oregon income. The pertinent part of ORS 316.360 reads as follows:

"(1) Subject to subsection (2) of this section, in the case of a nonresident taxpayer the deductions allowed by ORS 316.305 to 316.350 shall be allowed only if and to the extent that they are *connected with:*

"(a) Income which arises from sources within the State of Oregon and which is taxed to a nonresident taxpayer under this chapter; or

"(b) Property having a situs for taxation within the State of Oregon." (Emphasis supplied)

Plaintiffs argue that the phrase "connected with" Oregon source income does not require any direct connection between the claimed expense and Oregon source income, but that the legislature intended to allow a nonresident taxpayer to apportion his deductions among the states in proportion to his income derived from those states. This interpretation strains the language of the statute. In no place does the statute mention or provide for apportionment either expressly or by authorized regulation. Cf. § 873(a) IRC 1954 and Rev. Rul. 56-514 CB 56-2 p 499.

■ On the contrary, the plain meaning of the statute requires direct connection between the creation of

Oregon source income and the claimed deduction. It requires that the expense be incurred to produce the taxpayers' Oregon source income. That the claimed expenses may have been paid with Oregon source income (there is no proof in this case that they were) is too indirect and tenuous a connection to support their deduction.

■ Some of the deductions mentioned in some of the sections referred to by ORS 316.360 are never incurred to produce income. This appears illogical until one realizes that the sections referred to are all those granting deductions in computing net income. ORS 316.360(1) does not limit nonresident deductions by picking and choosing between the deduction statutes. Rather it allows all such deductions if, and only if, the deducted expense is connected with the production of Oregon source income.

That the legislature felt it necessary to enact paragraph (2) of ORS 316.360, allowing the deduction of certain charitable contributions, adds support to this interpretation of paragraph (1) of that section. Paragraph (2) does not merely delineate the type of charitable contribution nonresident taxpayers may deduct, rather it creates the deduction itself. Before paragraph (2) was enacted, nonresident taxpayers could not deduct their charitable contributions regardless of where and from what income they were made, because they were not incurred in the production of Oregon source income. See Legal Department Memo of State Tax Commission, September 1, 1948. The enactment of paragraph (2) in 1949 allowed nonresidents to deduct their nonbusiness charitable contributions although they were not properly connected with amounts included in their Oregon source gross income.

There would be no need for the language of paragraph (2) if the statute meant what the plaintiffs contend. The legislature obviously determined that ORS 316.360(1) did not allow charitable deductions to nonresidents. Otherwise it would have used merely words of limitation rather than words of allowance in paragraph (2) of ORS 316.360. By enacting paragraph (2), the legislature has shown its intent that paragraph (1) of ORS 316.360 be interpreted to disallow nonresidents any personal deductions. As with charitable deductions, a further legislative enactment is required to enable nonresidents to deduct medical and other personal expenses.

■ The second issue is whether plaintiffs are entitled to be taxed as Oregon residents when they offer to be so taxed and when substantially all their income is Oregon source income. Residence is a fact, not a matter of election. Their places of residence distinguish resident from nonresident taxpayers. No statute allows a nonresident of Oregon voluntarily to be taxed as a resident. No constitutional compulsion requires Oregon to allow nonresidents to elect to be taxed as residents. *Shaffer v. Carter,* 252 US 37 (1920) ; *Travis v. Yale & Towne Mfg. Co.,* 252 US 60 (1920) and *Goodwin v. State Tax Commission,* 146 NYS2d 172, affirmed without an opinion by the Court of Appeals of the State of New York in 1 NY2d 680; on appeal to the United States Supreme Court a motion to dismiss was granted per curiam and the appeal was dismissed for want of a substantial federal question. 352 US 805 (1956).

■ Furthermore, plaintiffs' residence is not altered because substantially all their income is Oregon source income. Cf. ORS 316.055(2) and 316.360 with 315.-055(1) and 316.305 to 316.350. The proportion of

income earned from Oregon sources is immaterial even in the interpretation of the term "residence." Webster, Third New International Dictionary (1961). Plaintiffs admittedly do not reside in Oregon. They are not Oregon residents. They cannot elect to be what they are not. Therefore, they cannot be included in that class which is taxed in a certain way because of its residency in Oregon.

A third issue is whether, as interpreted by the commission and this court, ORS 316.360 denies to nonresidents the guaranties of the Oregon Constitution, Art I, §§ 20 and 32, the United States Constitution, Art IV, § 2 and the Fourteenth Amendment, § 1, and the Oregon Admissions Act.

Art I, §§ 20 and 32, of the Oregon Constitution provides:

"Section 20. No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens.

"* * * * *

"Section 32. * * * all taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."

■ Plaintiffs are not aided by section 20 because that section of the Oregon Constitution applies only to citizens of the State of Oregon. *Alsos v. Kendall,* 111 Or 359, 227 P 286 (1924).

■ Because other than requiring inherent uniformity, section 32 of the Oregon Constitution does not restrain the legislature beyond the restrictions of Amendment Fourteen of the United States Constitution, the law applicable under the Fourteenth Amend-

ment determines issues raised under Oregon's section 32. *Standard Lbr. Co. v. Pierce,* 112 Or 314, 228 P 812 (1924).

■ The Act of June 2, 1869, First Extra Session, 29, Deady's Laws, 1866, 132, provided "that in no case shall nonresident proprietors be taxed higher than residents." This was enacted pursuant to the Oregon Admissions Act of February 14, 1859, 11 Stat 389. This court's interpretation of ORS 316.360 does not violate this irrevocable ordinance. Whether residents or nonresidents, all businessmen may deduct their Oregon business expenses from their Oregon business income under ORS 316.360. The Admissions Act provides no protection to the "proprietor" after his business income is earned. Thereafter, on his own personal income as an individual in his nonproprietary capacity, a nonresident may be taxed differently than a resident without violating the Admissions Act.

■ Plaintiffs next claim that the court's interpretation of ORS 316.360 is interdicted by Art IV § 2 and the Fourteenth Amendment, § 1, of the United States Constitution. This argument has already been made and answered in *Goodwin v. State Tax Commission,* 146 NYS2d 172 affirmed without an opinion by the Court of Appeals of the State of New York in 1 NY2d 680; on appeal to the United States Supreme Court a motion to dismiss was granted per curiam and the appeal was dismissed for want of a substantial federal question. 352 US 805 (1956). In the *Goodwin* case the New York court held that residence had such a legitimate connection with expenditures for medical expenses, interest on loans and other personal expenses that a state would be justified in permitting residents of the state to deduct such expenditures while denying the very same deductions to non-

residents, and that a classification based on residency in granting and withholding these deductions would not be unconstitutional. In the opinion of this court, the New York court is correct in reason and in law and this court reaches the same conclusion in this case.

■ In summation, this court holds that under ORS 316.360(1) a nonresident taxpayer may deduct only those expenses directly connected with the earning of Oregon source income, that regardless of the relative or absolute amount of his Oregon income, a nonresident may not elect to be taxed as a resident, and that such interpretation of ORS 316.360 violates neither the Oregon Constitution nor the Oregon Admissions Act nor the Federal Constitution.

A decree sustaining the Opinion and Order of the State Tax Commission and denying a refund to the plaintiffs will be prepared and submitted under Rule 32.*

---

* Foregoing case pending on appeal at the time of printing.